GARRET WILSON *vs.* WILLIAM BROWN and MARY ANN
BROWN, his wife.

To entitle a party who pays the debt of another to the rights of the credi-
tor by subrogation, the debt must be paid at the instance of the debtor,
or the person paying it must be liable as surety or otherwise for its pay-
ment.

Where the title to land is in a married woman as her separate property,
she and her husband living separate, and money is paid and advanced
at her instance and for her benefit, a mortgage executed by her alone to
secure such advances will be a valid and equitable lien on such property.

*Strong*, for complainant.

*Schenck*, for defendants.

THE CHANCELLOR. The complainant's bill is filed for
the foreclosure of two mortgages given to the complain-
ant. The first is executed by Brown and wife, on the
25th of March, 1857. The second is executed by Mary
Ann Brown alone, on the 1st of April, 1858. As to the
first mortgage, there is no dispute. The whole contro-
versy relates to the second mortgage. A decree *pro con-
fesso* was taken against the husband. The wife was per-
mitted to answer alone. The material ground of defence
disclosed by the answer is, that the defendant is a married
woman, and that therefore the bond and mortgage exe-
cuted by her are absolutely void.

The material facts of the case, as disclosed by the plead-
ings and evidence, are, that William Brown lefth is wife,
and removed, from this state in 1857. On the 24th of
November, 1857, a judgment was recovered against him
in the Middlesex Circuit, upon which a writ of *fieri facias*
issued, and was levied upon two lots of the defendant in
South Brunswick, *viz.* upon the lot covered by the com-
plainant's mortgage for $500, and upon another lot of
about four acres. The first lot, being offered for sale by

the sheriff under the execution, was struck off to Mrs. Brown for $236, the amount due upon the execution, and the premises were conveyed to her by the sheriff. The purchase money bid for the premises was paid to the sheriff by Wilson, the complainant, and the claim of the plaintiff in execution was satisfied. On the 1st of April, 1858, Mary Ann Brown gave her individual bond and mortgage, in her husband's absence and without his consent, to the complainant for the purchase money thus advanced by him. This mortgage, which is now in dispute, covers both the lots upon which the execution was levied, including not only the lot conveyed by the sheriff to Mrs. Brown but also the four acre lot, the title to which, so far as appears by the pleadings, remained in the husband.

These further facts are established by the evidence, which are disclosed neither by the bill or answer, viz. that before Brown left the state, a deed of separation was executed between him and his wife; that on the 29th of August, 1857, Brown and his wife executed a conveyance of both the lots in question to Aaron D. Messerole, who by a deed of the same date reconveyed them absolutely to the wife. At the time of the sheriff's sale, therefore, under the execution against the husband, the title to all the real estate of the husband was in the wife, subject, however, to the debts of the husband, as the conveyance to her was without consideration and void as against the husband's creditors.

Upon the case made by the bill the complainant insists —first, that having paid and satisfied the claim of the execution creditor against Brown, he is entitled to be subrogated in the place of the creditor, and to have all his remedies for the recovery of the money. There are decided objections to the validity of this claim.

1. To entitle a party who pays the debt of another to the rights of the creditor by subrogation, the debt must be paid at the instance of the debtor, or the person paying

it must be liable, as security or otherwise, for its payment. 1 *Leading Cases in Equity* 154 *et seq., notes.*

The complainant was not liable for the debt, nor was it paid by him upon any agreement with the debtor. In fact the debt was not paid by the complainant at all. The execution was satisfied out of Brown's property by a sale under the execution. The money, therefore, was not advanced by the complainant to pay Brown's debt, but to enable Mrs. Brown, who purchased at the sale, to pay the purchase money. The execution, moreover, is satisfied, the debt is not transferred but extinguished, and there are no rights under the judgment and execution which the complainant could acquire by subrogation.

2. The complainant relies, in the second place, upon the bond and mortgage executed by Mrs. Brown as a valid security upon her separate property.

Upon the facts disclosed by the evidence, *viz.* that the title to this land was in the wife as her separate property ; that the husband and wife were living separate, and that the money paid by the complainant was advanced at the instance of the wife, and for her sole use and benefit, the encumbrance of the mortgage is a valid lien in equity upon the property of the wife.

At the time of the execution of the bond and mortgage, Mary Ann Brown, being a married woman, had no power to bind herself personally by bond or to make a valid conveyance of her real estate. As a bond and mortgage at common law, they are invalid. The bond is nevertheless in equity an acknowledgment of a debt due from her to the complainant. That debt is shown to be due on her account, and for which her separate property in equity is liable.

The mortgage, moreover, operates as an appointment of her separate property for the payment of that debt.

The complainant is therefore entitled to a decree in equity for a sale of both lots under the bond and mortgage of Mary Ann Brown.

It is objected, however, that neither the frame nor the prayer of the bill is adequate to this relief.

I think that an amendment of the bill is necessary. It will be permitted to be made, if desired, without costs. The facts do not appear to have been discovered by the complainant till the very close of the evidence. Had the defendant, by her answer, disclosed the whole truth, as she knew it to be, the amendment might have been made at an earlier day.

I think the amendment necessary, because upon the case, as made by the bill, at the time of the execution of the mortgage by Mary Ann Brown, the title to the four acre lot was in her husband. Her mortgage clearly could create no valid encumbrance upon the land of her husband. As to the other lot, which is covered by the $500 mortgage of the complainant, the bill shows that the title to the equity of redemption in that lot was vested by the sheriff's deed in Mrs. Brown before she executed the mortgage to the complainant. The mortgage, moreover, was given for the purchase money of that lot, advanced by the complainant to the sheriff for the benefit of Mrs. Brown, and at her instance. The proceeds of the sale of that lot, after satisfying the mortgage of $500, may, under the bill as now framed, be applied to the payment of the complainant's second mortgage. If, however, he intends to have recourse to the four acre lot also, the bill, as already stated, must be amended.